UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAKEEL DESHAWN MILLEN, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL COUNTY DISTRICT ATTORNEY'S OFFICE, et al., <br><br> Defendants. | Civil Action No. 25-11669-MJJ |

## MEMORANDUM AND ORDER

JOUN, D.J.

For the reasons set forth below, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine and dismisses this action without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**I.     BACKGROUND**

Shakeel Deshawn Millen ("Millen" or "Plaintiff"), now in custody at the Bristol County Jail and House of Correction, filed a Complaint, a Motion for Leave to Proceed *in forma pauperis*, and a Motion for Appointment of Counsel. [Doc. Nos. 1, 3]. By Procedural Order dated June 10, 2025, the Court denied Millen's Motion for Leave to Proceed *in forma pauperis* and he was ordered to file a new motion with a copy of his prison account statement. [Doc. No. 5]. On June 27, 2025, Millen filed a new Motion for Leave to Proceed *in forma pauperis* with a copy of his prison account statement. [Doc. Nos. 8, 9].

Millen's 2-page, typewritten complaint names the following 3 defendants: (1) the Bristol County District Attorney's Office; (2) the Department of Children and Families ("DCF"); and

(3) Jasmine McGinnis of Webster, Massachusetts. [Doc. No. 1 at ¶¶ 2–4]. Millen asserts this Court's federal question jurisdiction under 28 U.S.C. § 1331 seeking "civil rights protections to the United States Constitution during his criminal prosecution, as well as his constitutional right under Massachusetts statu[t]e and law of M.G.L. c. 209A." [*Id.* at ¶ 5]. Millen alleges that the Bristol County District Attorney's Office violated his constitutional rights "throughout it's prosecution against the plaintiff." [*Id.* at ¶ 6]. According to Millen, "while [he] has been incarcerated [DCF] has indirectly intervened within the situation through conspiracy along with the Bristol County District Attorney's office by using the prosecution as a means to interfere with the plaintiff's fundamental parental liberty interest." [*Id.* at ¶ 7]. Millen alleges that DCF intervened "despite [Millen] not being involved with the allegations of abuse and neglect that warranted the Department[']s involvement. [*Id.*]. Millen alleges that defendant McGinnis, described as the "alleged victim in the plaintiff's criminal prosecution," violated Millen's constitutional rights "by filing false police reports to obtain [his] personal belongings, finances and to harass through fraud on the court resulting in the involved civil and criminal legal proceedings." [*Id.* at ¶ 8].

In his prayer for relief, Millen seeks "an award for damages under 42 U.S.C. Sec. 1983" and declaratory relief "to establish the legal status or interpretation of the M.G.L. c. 209A statu[t]e under the circumstances and facts pertaining to [Millen's] criminal prosecution which are 'extraordinary circumstances.'" [*Id.* (request for relief)].

## II. SCREENING OF THE COMPLAINT

Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456

U.S. 694, 702 (1982)). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In addition, when a prisoner plaintiff files a complaint seeking redress from a governmental entity or officers or employees of a governmental entity, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

The Court cannot exercise jurisdiction over plaintiff's claims. Plaintiff seeks to have this federal court review and reject judgments entered in state civil and criminal proceedings. Pursuant to 28 U.S.C. § 1257, the Supreme Court of the United States has jurisdiction to review the final state judgment where the judgment presents a question of federal law. *See* 28 U.S.C. § 1257. The Supreme Court has held that the grant of jurisdiction under § 1257 "is exclusive," meaning that federal judicial review of final state court judgments "may be had *only* in [the Supreme] court." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (quoting *D.C. Ct. of Appeals v.*

*Feldman*, 460 U.S. 462, 482 (1983)). Thus, under the *Rooker-Feldman* doctrine,[1] a district court does not have jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005); *see also Reed v. Goertz*, 598 U.S. 230, 235 (2023) (stating that the *Rooker-Feldman* doctrine "prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments"). Under the *Rooker-Feldman* doctrine, the court lacks jurisdiction to do so. Instead, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps*, 471 F.3d 220, 223 (1st Cir. 2006).

Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Commonwealth and state agencies are not "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."). Thus, DCF and the Bristol County District Attorney's Office[2] are not "persons" subject to suit within the meaning of § 1983.

---

[1] The term "*Rooker-Feldman* doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2] To the extent Millen seeks to name an individual prosecutor as defendant, "prosecutors are absolutely immune in exercising the core prosecutorial functions of 'initiating prosecution and ... presenting the State's case.'" *Penate v. Kaczmarek*, 928 F.3d 128, 135 (1st Cir. 2019) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

Moreover, private conduct, no matter how wrongful, is generally beyond the reach of § 1983. *González-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247-48 (1st Cir. 2012); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "To act under color of state law for [Section] 1983 purposes does not require that the defendant be an officer of the state." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). However, the alleged misconduct resulting in a deprivation of a plaintiff's rights must be fairly attributable to the State. *See Lugar v. Edmondson Oil Co., Inc.*, 547 U.S. 922, 937 (1982). Here there are no facts alleged that defendant McGinnis, a private person, acted under the "color of state law" within the meaning of § 1983.

In addition, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a commissioner or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct. *See id.* at 129-30; *Ouellette v. Beaupre*, 977 F.3d 127, 140 (1st Cir. 2020) (stating that "respondent superior" does not apply to § 1983 actions and, therefore, "a § 1983 claim premised on a theory of supervisory liability must plead an 'affirmative link between the behavior of a subordinate and the action or inaction of his supervisor.'" (quoting *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011))).

A civil rights conspiracy claim under § 1983 involves "'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.'" *Sánchez v. Foley*, 972 F.3d 1, 11 (1st Cir. 2020) (quoting *Est. of Bennett v. Wainwright*, 548 F.3d 155, 178 (1st Cir.

2008)). The plaintiff must show both a "conspiratorial agreement" and "an actual abridgment of some federally-secured right." *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001). A conspiracy may be a "matter of inference." *Estate of Bennett*, 548 F.3d at 178. However, "a claim of conspiracy to deprive a plaintiff of civil rights will not survive a motion to dismiss if it makes conclusory allegations without making supporting factual assertions." *Diaz v. Devlin*, 229 F.Supp.3d 101, 111 (D. Mass. 2017) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977).

### IV.  CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1)   This action is <u>DISMISSED WITHOUT PREJUDICE</u> pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

(2)   In view of the dismissal of this action for lack of subject matter jurisdiction, no action is taken on plaintiff's motion [Doc. No. 3] for appointment of counsel and motion [Doc. No. 8] for leave to proceed *in forma pauperis.*.

(3)   The Clerk shall enter a separate order of dismissal.

SO ORDERED.

                                      /s/ Myong J. Joun
                                      Myong J. Joun
                                      United States District Judge

Dated: November 13, 2025